M. SMITH, Circuit Judge,
concurring in part and dissenting in part:
I would uphold the district court’s grant of summary judgment as to all defendants, including Officer Rubio. I acknowledge that the district court concluded that “[wjhether the officers actually announced their presence is in dispute.” However, the district court also recognized that there were other important, uncontested facts at issue in this case, and understood that we are to analyze such cases with an eye towards “the totality of the facts and circumstances in the particular case.” Blanford v. Sacramento County, 406 F.3d 1110, 1115 (9th Cir.2005). Specifically, the district court noted that it was undisputed that the officers had a firsthand report that Bryan had threatened an individual with a gun, that Bryan answered the door with his gun pointing out the door, and that Bryan failed to immediately drop his gun to the ground when the officers ordered him to do so. Additionally, Bryan lived in a neighborhood that was so dangerous that his mother slept each night with a gun under her pillow for protection.
*136 I respectfully disagree with the majority’s view that the decision in Sledd v. Lindsay, 102 F.3d 282 (7th Cir.1996), is similar to this case. In Sledd, officers broke into the plaintiffs home while the plaintiff was upstairs preparing to shower. Id. at 286. The plaintiff was unaware of the officers’ presence until he went downstairs and saw them rushing into his home, armed, and not wearing full uniforms. Id. The plaintiff had just run back to his bedroom to tell his fiancee what was happening when he saw a man with a gun standing at his bedroom door, wearing blue jeans, a blue jacket, and white tennis shoes. Id. Under those facts, the plaintiff understandably feared that the would-be officers were unlawful intruders and thought to grab his gun to protect himself and his fiancee. Id. Moreover, the officers had the opportunity to possibly avoid a conflict by announcing their presence after they entered the home or by not pursuing the plaintiff upstairs.
Officer Rubio did not have the same luxury. The officers rang the doorbell and knocked on Bryan’s door, waited outside Bryan’s apartment while he answered, and were in uniform. Bryan responded immediately by pointing his gun out the door. Therefore, unlike the officers in Sledd, Officer Rubio had a significant reason to question Bryan’s motives in brandishing a gun, and to use force in response, in order to possibly save his life, and the lives of his fellow officers.
To evaluate the reasonableness of the force used, we must view the totality of circumstances “from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.” Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The standard is not one of certainty, but of reasonableness. See Price v. Sery, 513 F.3d 962, 971 (9th Cir.2008) (stating that the “touchstone of the inquiry is reasonableness” (internal quotation marks omitted)). Officer. Rubio was not required to wait until he was absolutely certain that Bryan was going to shoot him, or his fellow officers. Officer Rubio faced a dangerous situation and had to make a split-second decision. Even if the police did not announce their presence, given the totality of circumstances recited above, I believe that Officer Rubio could have reasonably believed that Bryan “pose[d] a significant threat of death or serious physical injury” to himself and his fellow officers, and that deadly force was justified. Scott v. Henrich, 39 F.3d 912, 914 (9th Cir.1994) (internal quotation marks omitted). Accordingly, I am unwilling to second-guess his actions from the comfort of my chambers years after the fact, and I respectfully dissent.